UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY WATERS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 4:19-cv-02467-SNLJ |
| ) v. ) ) | |
| THE HOME DEPOT USA, INC. ) ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Gregory Waters moves to remand this action to the Circuit Court of St. Louis County, 21st Judicial Circuit, State of Missouri pursuant to 28 U.S.C. § 1447(c), the court from which Defendants wrongfully removed it. In support thereof, Plaintiff states as follows:

1. This is a class action by Plaintiff Gregory Waters against Defendants The Home Depot USA, Inc. ("Defendant" or "Home Depot"). Plaintiff brings this class action on behalf of himself and all persons and entities who purchased a product from Home Depot through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and were charged sales tax monies at the sales tax rate rather than the use tax rate where the erroneously charged sales tax rate exceeded the applicable use tax rate. Plaintiffs are seeking damages for the overcollection of state sales tax. Specifically, Plaintiff seeks, *inter alia*, injunctive relief as well as damages and costs for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo Rev. Stat. § 407.010 *et seq*., as well as damages for unjust enrichment, negligence, and money had and received. Each cause of action arises under Missouri Law.

2.     Home Depot removed the case from the Circuit Court of St. Louis County to the U.S. District Court for the Eastern District of Missouri on August 30, 2019.  Home Depot asserts original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d) ("CAFA").  CAFA authorizes removal if, *inter alia*, the amount in controversy exceeds $5 million in the aggregate.

3.     As they are the part invoking jurisdiction, Home Depot bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *State ex rel. Nixon v. Nextel West*, 248 F.Supp.2d 885, 888 (E.D.Mo. 2003).  The party opposing removal does not bear the burden of demonstrating that the action should be remanded.

4.     The principles of comity and federalism provide that the appropriate court to handle a state sales tax lawsuit is the state court.  "Courts may decline to exercise jurisdiction where issues of comity and federalism counsel against entertaining claims that risk disrupting state and local tax administration."  *City of Maryland Heights v. TracFone Wireless, Inc.,* No. 4:12CV00755 AGF, 2013 WL 791866, at *2 (E.D. Mo. Mar. 4, 2013) citing *Levin v. Commerce Energy, Inc.*, 130 S.Ct. 2323, 2330 (2010).

5.     This Court has no jurisdiction over Plaintiff's claims for damages and declaratory and injunctive relief based upon Home Depot's charging and collecting of incorrect state sales tax.  The Tax Injunction Act ("TIA") reads, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.  The TIA was designed expressly to restrict "the jurisdiction of the district courts of the United States over

suits relating to the collection of State taxes." *Hibbs v. Winn,* 542 U.S. 88, 104, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004).

6. CAFA provides that federal courts have original jurisdiction over class actions based on state law when the amount in controversy exceeds $5 million in the aggregate. 28 U.S.C. §§ 1332(d)(2) and (5)(B).

7. The "burden of showing federal jurisdiction is on the defendant removing under CAFA." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). A case does not become removable under CAFA "until a document is 'received by the defendant from the plaintiff-be it the initial complaint or a later received paper ... [that] unambiguously establish[es] federal jurisdiction.'" *Thomas v. Bank of America Corp.*, 570 F.3d 1280, 1283 (11th Cir. 2009).

8. The Court should remand this case to the Circuit Court of St. Louis County, because Home Depot fails to demonstrate, as it must, that the amount in controversy exceeds $5 million.

WHEREFORE, Plaintiffs pray for an order remanding this action to the Circuit Court of St. Louis County, 21st Judicial Circuit, State of Missouri pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

Orlowsky Law, LLC

/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 455-7375
dan@orlowskylaw.com

Attorney for Plaintiff

Goffstein Law, LLC

/s/ Adam M. Goffstein
Adam M. Goffstein, #45611MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffsteinlaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2019, the foregoing was filed electronically with the Clerk of Court and served via the Court's CM/ECF system to all attorneys of record.

/s/Daniel J. Orlowsky